UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAND TEXAS HOMES, INC. and<br>NORTHLAKE HOMES, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAFETY INDEMNITY<br>COMPANY, CRUM & FORSTER<br>SPECIALTY INSURANCE COMPANY,<br>and COMPANION PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:12-cv-1773-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand, filed by Plaintiffs Grand Texas Homes, Inc. and Northlake Homes, L.P. (collectively "Plaintiffs") [Docket Entry #12]. For the reasons stated below, the Motion is **GRANTED**.

## I. BACKGROUND

On April 27, 2012, Plaintiffs sued American Safety Indemnity Company ("American Safety"), Crum & Forster Specialty Insurance Company ("Crum & Forster"), and Companion Property & Casualty Insurance Company ("Companion") in the 116th Judicial District Court of Dallas County, Texas for declaratory judgment, breach of contract, and violations of the Texas Insurance Code. Plaintiffs served all three defendants with both their Original and Amended Petitions on May 15, 2012. On June 8, 2012, American Safety filed a Notice of Removal pursuant to 28 U.S.C. § 1441 [Docket Entry #1]. The Notice stated that "[a]ll Defendants consent[ed] to removal," but it was filed and signed only by American Safety's attorney. (Def.'s Notice ¶ 3)

On June 29, 2012, Plaintiffs filed a Motion to Remand, contending that the failure of the other two Defendants to join in or consent to American Safety's removal within thirty days of service rendered the removal fatally defective.  (Pl.'s Mot. 2)  Also on June 29, 2012, forty-five days after being served, Crum & Forster joined the removal [Docket Entry #16].  To date, Companion has not filed a joinder because, according to American Safety, Companion cannot access the court's Electronic Filing System.  (Def.'s Resp. 2)  On July 17, 2012, in its Response to Plaintiff's Motion to Remand, American Safety attached two emails, both dated June 7, 2012, showing that the other Defendants had "consented" to the removal.  (Def.'s Resp. Ex. A)

## II.   LEGAL STANDARD

A defendant seeking to remove a civil case is required to file a notice of removal "in the district court of the United States for the district and division within which such action is pending."  28 U.S.C. § 1446(a).  That notice must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).

To effect proper removal, "*all defendants* who have been properly joined and served *must join in or consent to* the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis added). In other words, "if there is more than one defendant, then the defendants must act collectively to remove the case."  *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).  If one defendant files a timely notice of removal and another defendant does not, then the removal is defective and remand is appropriate.  *See id.*   Moreover, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation omitted); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

III.   ANALYSIS

American Safety claims it properly removed this case because (1) it indicated in its Notice of Removal that the other Defendants had consented; (2) it had "written consent" from the other Defendants in the form of emails when it filed its Notice of Removal; and (3) Crum & Forster formally joined in the removal.   Given the Fifth Circuit's rigid interpretation of the removal requirements, this Court disagrees on all three grounds.

A.    American Safety's representation that all Defendants consented

In the Fifth Circuit, a removing defendant's mere representation that the remaining defendants have consented does not, by itself, satisfy § 1446(b)(2)(A).  *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).[1]  In *Getty Oil*, the plaintiff sued three defendants.  One of them, Insurance Company of North America ("INA"), filed a petition for removal in which it stated that one of the other defendants, NL Industries ("NL"), "d[id] not oppose and consent[ed] to th[e] Petition for Removal."  *Id.* at 1262 n.11.  INA did not allege, however, that it was authorized to speak on behalf of NL.  *Id.*  The Fifth Circuit remanded the case, finding that an unsupported representation that a non-filing party consented to the removal could not satisfy the consent requirement of § 1446(b)(2)(A).  *Id.*  Instead, the statute requires "*each served defendant*," or someone "purporting to formally act on its behalf," to file a timely "*written indication* . . . that it has actually consented to" removal.  *Id.* (emphasis added).

---

[1] Not all circuits share this interpretation.  *See* 16-07 Moore's Federal Practice – Civil § 107.1 (noting that "[t]he Fifth, Seventh, and Eighth Circuits and some district courts generally require that each served codefendant sign the removal petition or submit a timely, written notice of consent to removal," but that "[t]he Sixth and the Ninth Circuits require only that at least one attorney of record sign the notice and certify that the remaining defendants consent to removal"); *see also Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" and noting that the Fifth Circuit has "adopted the more demanding requirement that each co-defendant must submit a timely, written notice of consent to joinder").

Without such indication, the court reasoned, "there would be nothing on the record to 'bind' the allegedly consenting defendant."[2]  *Id.*

Since *Getty Oil*, the Fifth Circuit has clarified that while removal requires a written submission from every defendant, not every defendant needs to sign such a submission.  *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 302 (5th Cir. 2008).  In *Crowell*, the defendants filed a *joint* notice of removal that listed all of the defendants, but was signed by only a single attorney. *Id.*  The court concluded that the statute was satisfied because "all defendants were listed in the notice of removal."  *Id.*

Here, American Safety's unilateral representation that the other Defendants had consented to removal does not satisfy the stringent Fifth Circuit standard.  Like the removing defendants in *Getty Oil*, American Safety simply stated that the remaining Defendants consented, without providing evidence of their consent or any indication that American Safety had the authority to consent on their behalves.   Moreover, unlike the *Crowell* defendants, the named Defendants did not all *jointly* file a notice of removal.

Contrary to American Safety's assertion, the requirement announced in *Getty Oil* is not mere dicta, but is the "starting point" for this analysis in the Fifth Circuit.  *See Spoon v. Fannin County Cmty. Supervision & Corr. Dep't.*, 794 F. Supp. 2d 703, 706 (E.D. Tex. 2011).  Thus, the remaining question before this Court is whether *Getty Oil*'s "written indication" of consent requirement is satisfied either by the emails exchanged between the Defendants before American

---

[2] The *Getty Oil* Court did note that "exceptional circumstances" might justify a departure from the strict rule, but clarified that such exceptions generally apply only where a plaintiff's conduct contributes to a defendant's failure to properly remove. 841 F.2d at  n.12.  The Fifth Circuit recently confirmed the limited nature of this exception in *Ortiz v. Young,* 431 Fed. Appx. 306, 307 (5th Cir. 2011).   In *Ortiz*, the court noted that typically only "plaintiff conduct, and not untimely consent to removal by a defendant," could excuse a tardy removal.  *Id.*  Thus, the court declined to apply the exception where no such conduct was at issue.  *Id.* at 308.

Safety filed its Notice of Removal or by Crum & Forster's belated notice of consent.

B.      Emails exchanged between Defendants, but not timely submitted to the Court

Correspondence between defendants that is not filed with the court cannot be used in the Fifth Circuit to satisfy the removal statute's consent requirement. *See Spoon*, 794 F. Supp. 2d at 705–6. In *Spoon*, two defendants jointly filed a notice of removal indicating that the "[d]efendants ha[d] obtained written consent to th[e] removal from the remaining [d]efendant." *Id.* The *Spoon* court found the removal defective, rejecting the argument that the statute could be satisfied by correspondence between the parties that occurred during the thirty-day notice period, but was not filed with court until the period had expired. *Id.* Two other district courts in the Fifth Circuit have reached the same conclusion on materially identical facts. *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Ins. Co.*, No. 09-3502, 2009 WL 2160436, at *1 (E.D. La. July 16, 2009) (rejecting attempt by defendants to rely on an email exchange between themselves that occurred before the expiration of the notice period to satisfy the consent requirement); *Grigsby v. Kansas City S. Ry. Co.*, No. 12-CV-0776, 2012 WL 3526903, at *2 (W.D. La. Aug. 13, 2012) (holding that oral consent and email exchanges between the parties did not satisfy the consent requirement).[3]

This Court recognizes that this formalistic approach can lead to harsh and sometimes unpalatable results.[4] The rule of *Getty Oil* closes the door to federal court to defendants who have properly sought written consent from their codefendants, simply because they have neglected to attach the proper documents to their notices of removal. Moreover, that door shuts

---

[3] One district court has gone so far as to rule that informal email correspondence indicating consent does not satisfy the statute's requirement, even if attached to a timely notice of removal. *Mumfrey v. Anco Insulations, Inc.*, No. 11-711, 2011 WL 1527180 (E.D. La. April 20, 2011).
[4] Other district courts have expressed similar sentiment. *See, e.g.*, *Cornella v. State Farm Fire and Casualty Co.*, No. 10-1169, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) (recognizing the "harshness" of the *Getty Oil* rule); *Grigsby*, 2012 WL 3526903, at *2 (same).

not just on the erring defendant, but also on the remaining defendants who, having consented in writing, likely believe that they too have taken the necessary steps to effectuate a proper removal.

Nevertheless, this Court agrees with its sister trial courts that in order to satisfy the Fifth Circuit's demanding interpretation of § 1446(b)(2)(A), defendants must submit their consent *to the court* within thirty days of being served. *Getty Oil* requires more than a written indication of consent from each served defendant; it requires such consents to be "timely *filed*" with the court. *Getty Oil Corp.*, 841 F.2d at 1262 n.11. Without a submission of record, there is nothing to bind the allegedly consenting codefendants. *See id.*

In this case, American Safety acquired consent from the remaining defendants via email before it filed its notice, but it did not submit the email exchange to the Court until after the thirty-day window had closed. Thus, regardless of when the emails were written, they cannot salvage the otherwise defective removal.

C.    Crum & Forster's belated joinder

Failure to join in removal is a procedural defect that cannot be cured by untimely notice of consent. *See Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F. Supp. 198, 199 (N.D. Tex. 1990); *Samuel v. Langham*, 780 F. Supp. 424, 427–28 (N.D. Tex. 1992). The notice of removal in *Moody* indicated that all defendants had consented to the removal, but one of the defendants failed to formally join in the removal before the thirty-day period expired. *Moody*, 753 F. Supp. at 199.  The court noted that under 28 U.S.C. § 1653, a defendant may amend a notice of removal only to fix defective *jurisdictional* allegations. *Id.* at 201. Failure to join all defendants in removal is a *procedural* defect, so the court in *Moody* held it could not be remedied after the thirty-day period ended. *Id.* at 201–02. Likewise, in *Samuel*, the court

rejected the consent of a non-removing defendant filed two months after the notice of removal. *Samuel*, 780 F. Supp. at 427–28.[5]   The court concluded that "purported consent," filed after the thirty-day period, was untimely, and therefore, irrelevant.  *Id.* at 428.  Similarly, in *Cornella,* 2010 WL 2605725, at *2, the court held that a formal joinder in removal, filed only three days after the thirty-day period expired, could not establish timely consent.

Like the *Moody*, *Samuel*, and *Cornella* courts, this Court concludes that tardy consent does not satisfy the Fifth Circuit's rigid interpretation of § 1446(b)(2)(A).  Crum & Forster's notice, filed forty-five days after Plaintiffs served each of the Defendants, was untimely, and cannot rescue the procedurally defective removal.[6]

## IV.   CONCLUSION

American Safety's removal does not satisfy the Fifth Circuit's procedural requirements, and cannot sustain removal.  Thus, Plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the 116th Judicial District Court of Dallas County, Texas for further proceedings.

**SO ORDERED**.

October 30, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[5] The *Samuel* opinion does not indicate when plaintiff *served* its state court petition on the defendants, but even if the removing defendant filed its notice of removal on the very first day it was served, the remaining defendant's response, filed two months after the notice of removal, was approximately one month late.

[6] Because Crum & Forster's belated consent is insufficient, the Court need not analyze the implications of Companion's alleged technical difficulties.